**UNITED STATES, Appellee,**

v.

**Private E1 Kenneth N. BLACKS, 394–76–7265, United States Army, Appellant.**

**No. ACMR 9201383.**

U.S. Army Court of Military Review.

May 27, 1993.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Major Kenneth T. Grant, JAGC, Captain R.W. Clark, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of three specifications of failure to repair, two specifications of absence without authority, violation of a lawful general regulation, wrongful appropriation, and assault, in violation of Articles 86, 92, 121, and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 892, 921, 928 (1982). Contrary to his pleas, he was found guilty of conspiracy to commit housebreaking and larceny, two specifications of larceny, and housebreaking, in violation of Articles 81, 121, and 130, UCMJ, 10 U.S.C. §§ 881, 921, 930 (1982). He was sentenced to a dishonorable discharge, confinement for sixty-nine months, forfeiture of $400.00 pay per month for sixty-nine months, and reduction to Private E1.[1] In compliance with a pretrial agreement, the convening authority reduced the confinement to thirty-six months and the forfeiture to $400.00

pay per month for thirty-six months but otherwise approved the sentence.

Among his assignments of error, appellant asserts that the evidence is factually and legally insufficient to support the findings of guilty of conspiracy, larceny, and housebreaking. He also asserts that his trial defense counsel was ineffective by not objecting to the admissibility of testimony that appellant's co-conspirator made statements incriminating appellant. We disagree and affirm.

### I.

### Sufficiency of the Evidence

Two soldiers testified that before they departed for temporary duty at the National Training Center (NTC), they were required to place their personal property in their lockers and secure them with a metal band. In addition, the doors to their rooms were locked. When they returned, they found that their rooms had been entered, the metal bands on their lockers broken, and personal property stolen. In both cases, the property was of a value of over $100.00. Appellant and Private First Class (PFC) Hall were members of the unit who did not go to the NTC.

Another soldier testified that he heard appellant and PFC Hall saying that they had " 'ganked' [the two soldiers] and nobody can prove it." He testified that "ganked" was a street term meaning hurting someone in a fight or stealing from them. Appellant maintains that this soldier's testimony is not reliable because he was intoxicated, was about ten feet away from appellant and Hall, and loud rap music was playing.

PFC Hall's girlfriend testified that she was with appellant and PFC Hall while their unit was at NTC. PFC Hall told her that he and appellant were going to the barracks to steal things. They departed wearing gloves and were gone a couple of hours. The next day she rode with appel-

---

1. Although appellant was a Private E1, the military judge erroneously sentenced him to a re- duction.

lant and PFC Hall in Hall's car. She saw a compact disc player, compact discs, a camera stand, a tape recorder and other items in the back seat of the car. She was given a black Panasonic mini-recorder. She knew the mini-recorder was stolen and eventually surrendered it to authorities because she did not want to get into trouble. She also was mad at PFC Hall because he was trying to get back together with his wife, appellant had caused PFC Hall to spend too much time away from her, and appellant had caused the termination of her relationship with PFC Hall. The termination of her relationship with PFC Hall had also terminated his financial support for her. Appellant maintains that she had a motive to fabricate and that her testimony is unreliable.

The test for legal sufficiency is whether, considering the evidence in a light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements of the offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Using this test, we find the evidence legally sufficient to support the findings of guilty. The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having seen or heard the witnesses, we are convinced of appellant's guilt beyond a reasonable doubt. UCMJ art. 66(c); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). Applying this test, we are convinced of appellant's guilt beyond a reasonable doubt of conspiracy to commit housebreaking and larceny, the two specifications of larceny and the two specifications of housebreaking. In making this finding, we have decided the issue of the credibility of the witnesses against appellant.

## II.

### Effective Assistance of Counsel

■ Appellant asserts that his counsel was ineffective by failing to object to the testimony of PFC Hall's girlfriend concerning the statements of PFC Hall, a co-conspirator. Counsel contends, *inter alia,* that the girlfriend was not the co-conspirator and the statement was not made in furtherance of the conspiracy. He con-

tends that the statement was inadmissible; and, because it was the only evidentiary basis for the conspiracy, he could not have been found guilty of that offense if counsel would have objected to it.

To support an assertion of ineffective assistance of counsel, the appellant must show that his counsel was deficient, and but for the deficiency there would have been a different result. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). In order to determine if there was a deficiency in this case we must determine if PFC Hall's girlfriend's testimony was admissible.

A statement is not hearsay if it is offered against a party and is a statement by a co-conspirator of the party during the course and in the furtherance of the conspiracy. Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 801(d)(2)(E). Statements made by the co-conspirator to a third party are admissible, provided they otherwise satisfy the rule. *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); *United States v. Evans*, 31 M.J. 927 (A.C.M.R.1990), *petition denied*, 35 M.J. 232 (C.M.A.1992). We find that the statement by PFC Hall that he and the appellant were going to the barracks to steal things was made during the course and furtherance of the conspiracy. The statement was admissible against appellant. *See Evans*, 31 M.J. at 934. We conclude appellant has failed to show a deficiency of his trial defense counsel. We hold that counsel was not ineffective.

The remaining assertions of error, to include the error raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.